[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13451
Non-Argument Calendar
_____

D.C. Docket No. 8:05-cr-00404-SCB-TGW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM D. COOK,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 29, 2013)


Before TJOFLAT, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

William D. Cook, a federal prisoner, appeals from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce sentence. The district court denied Cook's motion because, as a career offender, Amendment 750 did not reduce his guideline range.[1] On appeal, Cook argues he should be eligible for § 3582(c)(2) resentencing because the sentencing court considered his unenhanced criminal history category in sentencing him below the career offender guideline range. After careful review, we affirm.[2]

A sentence reduction under § 3582(c)(2) must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The applicable policy statements, found in U.S.S.G. § 1B1.10, state that "[a] reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The 2012 Commentary to the Sentencing Guidelines expressly provides that the "applicable guideline range" is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.10(a), which is determined before consideration of any departure provision in the Guidelines

---

[1]  Amendment 750 amended the drug quantity table in § 2D1.1(c) to reduce offense levels in crack cocaine cases. *See* U.S.S.G. App. C, Amends. 748, 750. It was made retroactive by Amendment 759, effective November 1, 2011. *See id.*, Amend. 759.

[2] We review *de novo* a district court's conclusions about the scope of its legal authority under § 3582(c)(2). *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008).

Manual or any variance." *Id*. § 1B1.10, cmt. n.1(A).  The Supreme Court has held that a Commentary provision "which functions to interpret a guideline or explain how it is to be applied" is binding as long as the Commentary does not conflict with the Constitution, a federal statute, or the guideline at issue.  *Stinson v. United States*, 113 S. Ct. 1913, 1917-18 (1993) (quotations omitted).

In *Moore*, we addressed whether Amendment 706 authorized reductions under § 3582(c)(2) for defendants who had been convicted of crack cocaine offenses, but sentenced under the career offender guidelines.  *See United States v. Moore*, 541 F.3d 1323, 1325 (11th Cir. 2008).  We explained that § 3582(c)(2) only authorizes reductions to sentences that were "based on" sentencing ranges that were subsequently lowered.  *Moore*, 541 F.3d at 1327.  As Amendment 706 did not lower the career offender offense levels, we concluded it did not lower the sentencing range upon which a career offender's sentence had been based.  *Id.*  We also explained that the Commentary to § 1B1.10 "[made] clear" that a reduction was not authorized where an amendment lowered a defendant's base offense level for the offense of conviction but not the career offender sentencing range under which the defendant was sentenced.  *Id.* at 1327-28.

Even after a divided Supreme Court interpreted § 3582's "based on" language in *Freeman v. United States*, 131 S. Ct. 2685 (2011), *Moore* remains binding precedent in this Circuit.  *United States v. Lawson*, 686 F.3d 1317, 1321

3

(11th Cir.), *cert. denied*, 133 S. Ct. 568 (2012). *Freeman* did not address "defendants who were assigned a base offense level under one guideline section, but who were ultimately assigned a total offense level and guideline range under § 4B1.1." *Id.* Therefore, a defendant who was convicted of a crack cocaine offense but sentenced as a career offender is not eligible for a § 3582(c)(2) reduction under Amendment 750. *Id.*

The Commission's updated Commentary restricting § 3582 eligibility squarely addresses the exception Cook proposes on appeal and completely forecloses his argument, especially since the Supreme Court has held that a Commentary provision explaining how a guideline is to be applied is binding so long as the Commentary does not conflict with the Constitution, a federal statute, or the guideline at issue. *See Stinson*, 113 S. Ct. at 1917-18. The district court found that Cook was a career offender, and calculated his guideline range accordingly. The Commentary states that eligibility can be triggered only by an amendment to the guideline range calculated under § 1B1.1(a), before any variances or departures are imposed. *See* U.S.S.G. § 1B1.10, cmt. n.1(A). Cook, as a career offender, cannot be eligible for § 3582 relief regardless of the rationale the court may have used in imposing a below-guidelines sentence, because the career offender guidelines have not been amended. *See Moore*, 541 F.3d at 1327.

Cook's arguments that the Commentary to § 1B1.10 should not be followed lack merit. In *Melvin*, we affirmed that the Sentencing Commission has the authority to promulgate policy statements that affect eligibility for resentencing. *See United States v. Melvin*, 556 F.3d 1190, 1192-93 (11th Cir. 2009). Moreover, Cook's argument that the Commentary does not interpret a guideline provision is misplaced, since the Commentary to §1B1.10 explains how to calculate the relevant offense level and "applicable guideline range." *See* U.S.S.G. § 1B1.10, cmt. nn.1–6. Finally, Cook's argument that the Commentary is inconsistent with *Freeman*'s interpretation of the term "based on" is analogous to the arguments we have already rejected in *Lawson*. *See Lawson*, 686 F.3d at 1321. Accordingly, we affirm the district court's denial of Cook's § 3582(c)(2) motion.

**AFFIRMED.**